IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00936-BNB

ARTHUR SANTISTEVEN,

     Plaintiff,

v.

JACK HIDAHI, City Manager, City of Lone Tree, Colorado,
STEPHEN HASLER, Ex Chief of Police, Lone Tree Police Department,
GREG TULISZEWSKI, Commander, Lone Tree Police Department,
TODD PACHELLO, Ex Detective, Lone Tree Police Department,
CAROL CHAMBERS, Ex Chief District Attorney, Eighteenth Judicial District, and
     any unknown Defendants,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Mr. Santisteven is in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  He has filed *pro se* a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights.  He has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Mr. Santisteven is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.   The Court has reviewed the complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Santisteven will be ordered to file an amended complaint.

Mr. Santisteven alleges in the Complaint that on September 9, 2009, Defendant Pachello knowingly made false statements in an affidavit in support of an arrest warrant for Plaintiff.   The Douglas County District Court issued an arrest warrant, and Mr. Santisteven was arrested and charged with aggravated motor vehicle theft in Case No. 09-cr-00544.  A preliminary hearing was held on March 11, 2010, and Plaintiff was bound over for trial.  Plaintiff alleges that the criminal charges in Case No. 09-cr-00544 were not supported by probable cause and were ultimately dismissed on April 2, 2012, by the state district court.  Plaintiff further states that he remains incarcerated for a criminal conviction(s) obtained in another Colorado judicial district because Defendant Pachello provided the same false information contained in the arrest warrant to other state law enforcement agencies.  Mr. Santisteven asserts claims against all the Defendants for false arrest, false imprisonment, and malicious prosecution.  He seeks monetary relief.

Plaintiff cannot pursue his claims against Defendant Chambers, a former district attorney.  State prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978).  Initiating and pursuing a criminal prosecution are acts are "'intimately associated with the judicial process'" *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430).   Defendant Chambers is immune from liability for Mr. Santisteven's claims that she initiated a baseless prosecution against him.

Furthermore, the Complaint is deficient because Mr. Santisteven fails to allege the personal participation of each named Defendant in a violation of his constitutional

2

rights.   Personal participation is an essential allegation in a civil rights action.  *See*

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473

U.S. 159, 166 (1985).  There must be an affirmative link between the alleged

constitutional violation and each defendant's participation, control or direction, or failure

to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see*

*also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-

supervisors may be liable under § 1983 where an 'affirmative' link exists between the

unconstitutional acts by their subordinates and their 'adoption of any plan or policy. .

.–express or otherwise–showing their authorization or approval of such 'misconduct.'")

(quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor defendant may not

be held liable for the unconstitutional conduct of his subordinates on a theory of

respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  This is because

"§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role

must be more than one of abstract authority over individuals who actually committed a

constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff's conclusory allegations that Defendants Hidahi, Hasler, Tuliszewski, and

Brown conspired with Defendant Pachello to have Plaintiff wrongfully arrested,

imprisoned, and prosecuted are insufficient to show each Defendants's personal

participation in a deprivation of Mr. Santisteven's constitutional rights.

Finally, Mr. Santisteven may not seek monetary relief under § 1983 based on

criminal convictions/charges other than the charges that were dismissed in Douglas

County District Court Action No. 09-cr-00544.  *See Heck v. Humphrey*, 512 U.S. 477

(1994).  In *Heck*, the United States Supreme Court held that if a judgment for damages

favorable to a plaintiff in a § 1983 action necessarily would imply the invalidity of the plaintiff's criminal conviction or sentence, the § 1983 action does not arise until the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-87.  Plaintiff does not allege any facts to show that the other criminal charges/convictions were dismissed, reversed on direct appeal, or otherwise vacated. Accordingly, it is

ORDERED that Plaintiff, Arthur Santisteven, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Santisteven shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Santisteven fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court may dismiss some of the claims and defendants without further notice for the reasons discussed above.

DATED April 8, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge