IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00936-BNB

ARTHUR SANTISTEVEN,

    Plaintiff,

v.

MUNICIPALITY OF THE CITY OF LONE TREE, COLORADO,
MUNICIPALITY OF THE LONE TREE POLICE DEPARTMENT,
JACK HIDAHI, City Manager, City of Lone Tree, Colorado,
STEPHEN HASLER, Ex Chief of Police, Lone Tree Police Department,
GREG TULISZEWSKI, Commander, Lone Tree Police Department,
DAVE BROWN, Commander, Lone Tree Police Department,
TODD PACHELLO, Ex Detective, Lone Tree Police Department,
CAROL CHAMBERS, Ex Chief District Attorney, Eighteenth Judicial District, and
    any unknown Defendants,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Mr. Santistevan is in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Canón City, Colorado.  He has filed *pro se* a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights.  He has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

    On April 8, 2014, the Court reviewed the Complaint and determined that it was deficient because Plaintiff asserted claims against a Defendant who was entitled to absolute immunity and failed to allege the personal participation of each Defendant in a deprivation of his constitutional rights.  The Court therefore ordered Mr. Santistevan to file an Amended Complaint within thirty (30) days.  Plaintiff filed an amended complaint

on May 20, 2014.  (ECF No. 8).

The Court must construe the Amended Complaint liberally because Mr. Santistevan is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110. The Court has reviewed the Amended Complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Santistevan will be ordered to file a second amended complaint.

Mr. Santistevan alleges in the Amended Complaint that on September 9, 2009, Defendant Pachello knowingly made false statements in an affidavit in support of an arrest warrant for Plaintiff.   The Douglas County District Court issued an arrest warrant and Mr. Santisteven was arrested, charged with aggravated motor vehicle theft in Case No. 09-cr-00544, and detained.  A preliminary hearing was held on March 11, 2010, and Plaintiff was bound over for trial.  Plaintiff alleges that the criminal charges in Case No. 09-cr-00544 were not supported by probable cause and were ultimately dismissed on April 2, 2012, by the state district court.  Plaintiff further states that he remains incarcerated for a criminal conviction(s) obtained in another Colorado judicial district because Defendant Pachello provided the false information contained in the arrest warrant (for Case No. 09-cr-00544) to other state law enforcement agencies.  Mr. Santisteven asserts claims against all the Defendants for false arrest, false imprisonment and malicious prosecution.  He seeks monetary relief.

The Amended Complaint adds the City of Lone Tree, Colorado, and the Lone Tree Police Department as Defendants.  The Police Department is not an entity

separate from the City of Lone Tree, and, therefore is not a person subject to suit under § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

Furthermore, to hold the City of Lone Tree liable under 42 U.S.C. § 1983, Mr. Santistevan must show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).   Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

In addition, Plaintiff was advised in the April 8 Order that he cannot pursue his claims against Defendant Chambers, an ex-chief district attorney.  State prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978).   Initiating and pursuing a criminal prosecution are acts are "'intimately associated with the judicial process'"  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430). Defendant Chambers is immune from liability for Mr. Santistevan's claims that she initiated a baseless prosecution against him.

3

Mr. Santistevan was further advised in the April 8 Order that personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

In the Amended Complaint, Plaintiff continues to make conclusory allegations that Defendants Hidahi, Hasler, Tuliszewski, and Brown conspired with Defendant Pachello to have Plaintiff wrongfully arrested, imprisoned and prosecuted. These bare and vague allegations are insufficient to show each Defendants's personal participation in a deprivation of Mr. Santisteven's constitutional rights.

Finally, as the Court advised Mr. Santistevan in the April 8 Order, he may not seek monetary relief under § 1983 based on criminal convictions/charges other than the charges that were dismissed in Douglas County District Court Action No. 09-cr-00544.

*See Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a plaintiff in a § 1983 action necessarily would imply the invalidity of the plaintiff's criminal conviction or sentence, the § 1983 action does not arise until the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-87.  Plaintiff does not allege any facts to show that the other criminal charges/convictions were dismissed, reversed on direct appeal, or otherwise vacated.  Accordingly, it is

ORDERED that Plaintiff, Arthur Santistevan, file **within thirty (30) days from the date of this order,** a second amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Santistevan shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Santistevan fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss some of the claims and defendants without further notice for the reasons discussed above.

DATED June 3, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge