IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00936-BNB

ARTHUR SANTISTEVAN,

      Plaintiff,

v.

MUNICIPALITY OF THE CITY OF LONE TREE, COLORADO,
MUNICIPALITY OF THE CITY OF CASTLE ROCK, COLORADO,
TODD PACHELLO, Ex Detective, Lone Tree Police Department,
RON C. PINSON, Sgt., Lone Tree Police Department,
UNKNOWN CHIEF, Douglas County Sheriffs Department, and
UNKNOWN JOHN OR JANE DOES,

      Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE

---

Mr. Santistevan is in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Canón City, Colorado.  He initiated this action by filing, *pro se*, a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights.

On April 8, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because Plaintiff asserted claims against a Defendant who was entitled to absolute immunity and failed to allege the personal participation of each Defendant in a deprivation of his constitutional rights.  The Court therefore ordered Mr. Santistevan to file an Amended Complaint within thirty (30) days.  Plaintiff filed an amended complaint adding two municipality Defendants on May 20, 2014.  (ECF No. 8).

On June 3, 2014, Magistrate Judge Boland reviewed the Amended Complaint

and determined that it was deficient because Mr. Santistevan failed to allege facts to show that a policy or custom of the municipality Defendants caused the alleged constitutional deprivation(s) and because Plaintiff's allegations of personal participation were inadequate.  Magistrate Judge Boland therefore directed the Plaintiff to file a Second Amended Complaint within thirty days of the June 3 Order.  Mr. Santistevan filed a Second Amended Complaint on August 4, 2014, after obtaining an extension of time.

Mr. Santistevan has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(I), the Court must dismiss the action if Plaintiff's claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe the Second Amended Complaint liberally because Mr. Santistevan is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed, in part.

Mr. Santistevan alleges in the Second Amended Complaint that on September 9, 2009, Defendant Pachello, a former police detective for the City of Lone Tree, knowingly made false statements in an affidavit in support of an arrest warrant for Plaintiff.

2

Following the Douglas County District Court's issuance of an arrest warrant, Mr.

Santistevan was arrested, charged with first degree motor vehicle theft in Case No. 09-

cr-00544, and detained.  A preliminary hearing in Plaintiff's criminal case, Douglas

County District Court Case No. 09-cr-00544, was held on March 11, 2010, and he was

bound over for trial.  Plaintiff alleges that the criminal charges were not supported by

probable cause and were ultimately dismissed on April 2, 2012, by the state district

court.  Plaintiff alleges that before obtaining the warrant for Plaintiff's arrest, Defendant

Pachello was "under scrutiny" by his superiors, including Defendant Sgt. Pinson, which

resulted in an internal affairs investigation into why Pachello revealed confidential

information about an unrelated pending criminal investigation to an interested third

party. Mr. Santisteven asserts § 1983 claims against all the Defendants for false arrest,

false imprisonment, and malicious prosecution.  He seeks monetary and injunctive

relief.

Mr. Santisteven cannot maintain a § 1983 claim against Defendant City of Castle

Rock.  Plaintiff was warned in the June 3 Order that to hold a municipality liable under

42 U.S.C. § 1983, a plaintiff must show that an unconstitutional policy or custom exists

and that there is a direct causal link between the policy or custom and the injury alleged.

*City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County

Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Municipalities are not

liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.

*Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City

of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Mr. Santisteven does not allege

any facts to show that a policy of custom promulgated, enforced, or ratified by the City

3

of Castle Rock caused the alleged constitutional violations.  Accordingly, Defendant City of Castle Rock is an improper party to this action and will be dismissed.

Mr. Santisteven seeks to hold the City of Lone Tree liable under § 1983 under the theory that the City failed to properly supervise Pachello.  Plaintiff implies that the City should have supervised Pachello more closely following an internal affairs investigation into Pachello's conduct in an unrelated investigation.  However, the alleged misconduct in the other case involved the disclosure of confidential information, not the alleged fabrication of statements in an arrest warrant affidavit. The Court finds that the link between the City's alleged failure to supervise Officer Pachello and the alleged constitutional injury suffered by Plaintiff is too attenuated to support a claim of municipal liability.  Accordingly, the City of Lone Tree is an improper party to this action and will be dismissed.

Furthermore, the Second Amended Complaint fails to allege the personal participation of the individual Defendants, other than Defendant Pachello, in a deprivation of Plaintiff's constitutional rights.  Mr. Santistevan was warned in the April 8 and June 3 Orders that personal participation is an essential element in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such

4

'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor

defendant may not be held liable for the unconstitutional conduct of his subordinates on

a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  This

is because "§ 1983 does not recognize a concept of strict supervisor liability; the

defendant's role must be more than one of abstract authority over individuals who

actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162

(10th Cir. 2008).

Mr. Santistevan's allegation that Defendant Sgt. Pinson was aware that

Defendant Officer Pachello was under investigation for revealing confidential information

to a third party is insufficient to show that Pinson was personally involved in the alleged

false arrest, imprisonment, and prosecution of the Plaintiff.  Similarly, Plaintiff's wholly

conclusory allegations that Defendant Pinson participated in a conspiracy to violate his

constitutional rights cannot support an arguable claim for relief under § 1983.  *See*

*Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 533 (10th Cir.1998) (holding

conclusory allegations of conspiracy are insufficient to state a valid civil rights claim);

*see also Brenner v. Hickenlooper*, No. 12-1497, 510 F. App'x 737, 740 (10th Cir. Feb.

11, 2013) (unpublished) (dismissing conclusory allegations of conspiracy as frivolous

under 28 U.S.C. § 1915(e)(2)(B)).  Accordingly, Defendant Pinson is an improper party

to this action and will be dismissed.

In addition, Mr. Santistevan fails to allege specific facts to show how Defendant

Unknown Chief of the Douglas County Sheriff's Department and the John and Jane Doe

Defendants were personally involved in the alleged constitutional deprivations.

Accordingly, those Defendants are improper parties to this action and will be dismissed.

Mr. Santisteven also makes conclusory allegations that he was denied

medication, proper medical treatment, and access to the law library while he was detained at the Douglas County Detention Center.  However, these allegations do not state an arguable constitutional claim against the named Defendants, who were not responsible for the conditions of Plaintiff's confinement.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Mr. Santistevan's § 1983 claims against Defendant Pachello do not appear to be appropriate for summary dismissal and that the case should be drawn to a presiding judge and, if appropriate, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Defendants Municipality of the City of Lone Tree, Colorado; Municipality of the City of Castle Rock, Colorado; Ron C. Pinson; Unknown Chief, Douglas County Sheriff's Department; and, the Unknown John or Jane Does, are DISMISSED from this action for Plaintiff's failure to allege their personal participation in the alleged constitutional deprivations.  It is

FURTHER ORDERED that Plaintiff's allegations challenging the conditions of his confinement at the detention center are DISMISSED.  It is

FURTHER ORDERED that Plaintiff's claims against Defendant Pachello shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this ___13th___ day of ___August_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

7