IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–00936–RM–KMT

ARTHUR SANTISTEVAN, AKA ARTHUR SANTISTEVEN,

    Plaintiff,

v.

EX DETECTIVE TODD PACHELLO, LONE TREE POLICE DEPARTMENT,

    Defendant.

_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Defendant Todd Pachello's Motion to Dismiss for Failure to State a Claim." (Doc. No. 31, filed Dec. 10, 2014.) For the following reasons, Defendant's Motion to Dismiss is GRANTED.

## FACTUAL BACKGROUND

The following factual background is taken from Plaintiff's Second Amended Prisoner Complaint. (Doc. No. 15, filed Aug. 4, 2014 [SAC].)

On September 9, 2009, Defendant Todd Pachello, a former police detective for the City of Lone Tree, Colorado, obtained an arrest warrant for Plaintiff relating to an April 28, 2009 motor vehicle theft. (*Id.* at 2, 10.) Plaintiff alleges that Defendant knowingly "falsified and fabricated all the information and allegations" included in the affidavit submitted in support of

the warrant.[1] (*Id.* at 2.) The Douglas County District Court issued the arrest warrant and Plaintiff was arrested, charged with first degree motor vehicle theft in Case No. 09-cr-00544, and detained. (*Id.* at 14.) A preliminary hearing was held on March 11, 2010, at which the Douglas County District Court found probable cause to bind Plaintiff over for trial. (*Id.* at 3, 14.)

Plaintiff alleges that Defendant Pachello later admitted to an investigator, Joseph Arseneau of the Alternative Defense Counsel, that he never had probable cause to arrest Plaintiff. (*Id.* at 3.) On April 2, 2012, all charges against Plaintiff were dismissed. (*Id.*)

## PROCEDURAL HISTORY

Plaintiff initiated this action by filing his original Prisoner Complaint on April 1, 2014. (Doc. No. 1.) On April 8, 2014, Magistrate Judge Boyd N. Boland reviewed that pleading and determined it was deficient because Plaintiff asserted claims against a defendant who was entitled to absolute immunity and failed to allege the personal participation of each Defendant in a deprivation of his constitutional rights. (Doc. No. 5.) Judge Boland therefore ordered Plaintiff to file an amended complaint within thirty days. (*Id.*)

Plaintiff filed his Amended Complaint adding two municipal defendants on May 20, 2014. (Doc. No. 8.) On June 3, 2014, Judge Boland reviewed the Amended Complaint and again found it to be deficient because Plaintiff failed to allege facts to show that a policy or custom of the municipal defendants caused the alleged constitutional deprivations and because

---

[1] Plaintiff also alleges that before obtaining the warrant for his arrest, Defendant Pachello was "under scrutiny" by his superiors, which resulted in an internal affairs investigation into why Defendant Pachello revealed confidential information about an unrelated pending criminal investigation to an interested third part. (SAC at 2.)

Plaintiff's allegations of personal participation were inadequate. (Doc. No. 11.) Judge Boland therefore directed Plaintiff to file a second amended complaint within 30 days. (*Id.*)

After receiving an extension of time, Plaintiff filed his Second Amended Complaint on August 4, 2014. (*See* SAC.) The Second Amended Complaint asserts claims under 42 U.S.C. § 1983 against Defendant Pachello; the Municipality of the City of Lone Tree, Colorado; the Municipality of the City of Castle Rock, Colorado; Sergeant Ron Pinson of the Lone Tree Police Department; an Unknown Chief of the Douglas County Sheriff's Department; and unknown John or Jane Doe defendants. (*Id.*) Plaintiffs claims are for (1) "Falsifying Information under oath for a [sic] Arrest Warrant"; (2) False Imprisonment; (3) Malicious Prosecution; (4) Violation of Due Process; (5) "Violation of the Plaintiff's Civil Rights"; (6) Cruel and Unusual Punishment; (7) Denial of Equal Protection of the Law; (8) "Failure to Properly Train and Supervise"; and (9) "Deliberate Indifference." (*Id.*)

On August 13, 2014, Senior District Judge Lewis T. Babcock entered an order dismissing Plaintiff's claims in part. (Doc. No. 16.) First, Judge Babcock dismissed Plaintiff's claims against the City of Castle Rock because Plaintiff had not alleged any facts to show that a policy or custom promulgated, enforced, or ratified by the City of Castle Rock caused the alleged constitutional violations suffered by Plaintiff. (*Id.* at 3-4.) Second, Judge Babcock dismissed Plaintiff's claims against the City of Lone Tree because the alleged link between the City's failure to supervise Defendant Pachello following an unrelated internal affairs investigation was too attenuated to support a claim for municipal liability under § 1983. (*Id.* at 4.) Thus, Plaintiff

eighth claim for "failure to properly train and supervise" and ninth claim for "deliberate indifference"[2] have been dismissed.

Third, Judge Babcock dismissed Plaintiff's claims against the individual defendants other than Defendant Pachello because Plaintiff failed to allege that any of those individuals personally participated in the alleged deprivation of Plaintiff's constitutional rights. (*Id.* at 4-5.)

Finally, Judge Babcock dismissed Plaintiff's claims to the extent they concern alleged denials of medication, proper medical treatment, and access to the law library at the Douglas County Detention Center because the named defendants were not responsible for the conditions of Plaintiff's confinement. (*Id.* at 5-6.) Thus, Plaintiff's sixth claim for cruel and unusual punishment has been dismissed.

Accordingly, the only claims still pending are Plaintiff's first, second, third, fourth, fifth, and seventh claims against Defendant Pachello. Defendant's Motion to Dismiss argues that all of these claims are properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*See generally* Mot. Dismiss.) After receiving an extension of time, Plaintiff filed his Response on March 6, 2015 (Doc. No. 43) and Defendant's Reply was filed on March 20, 2015 (Doc. No. 44).[3] Accordingly, this matter is ripe for the court's review and recommendation.

---

[2] "Deliberate indifference" is not a self-standing claim; instead, it is the standard of fault applicable to municipal liability claims for failure to train or supervise. *City of Canton v. Harris,* 489 U.S. 378, 388 (1989).

[3] Plaintiff filed a document entitled "Plaintiff's Closing Response to Defendant's Motion to Dismiss and Defendant's Motion to Dismiss for Failure to State a Claim." (Doc. No. 45, filed Apr. 24, 2015). The court struck this document as an unauthorized surreply. (Minute Order, Doc. No. 46.)

## LEGAL STANDARDS

### A.  Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.  *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679-81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## ANALYSIS

### A.   *False Arrest and False Imprisonment Claims*

Defendant argues that Plaintiff's first and second claims for false arrest[4] and false imprisonment are barred under the applicable statute of limitations. The court agrees.

Although an affirmative defense, the statute of limitations can be raised on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Torrez v. Eley,* 378 F. App'x 770, 772 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

"[T]he limitations period for an action under 42 U.S.C. §1983 . . . is set by the personal injury statute in the state where the cause of action accrues." *Roberts v. Barreras,* 484 F.3d 1236, 1238 (10th Cir. 2007). In Colorado, the applicable statute of limitations is two years. *Myers v. Koopman* 738 F.3d 1190, 1194 n.2 (10th Cir. 2013) (citing Colo. Rev. Stat. § 13-80-102(1)(a)). Federal law, however, "determines the date on which the claim accrues and, therefore, when the limitations period starts to run." *Id.* The statute of limitations for a Fourth Amendment claim for false arrest or imprisonment "begin[s] to run . . . when the alleged false imprisonment ends." *Wallace v. Kato,* 594 U.S. 384, 389 (2007). "The false imprisonment ends . . . when the victim is released or when the victim's imprisonment becomes pursuant to legal

---

[4] The court finds that claims one and two are effectively redundant of one another. There is no self-standing constitutional claim for "falsifying information under oath for a [sic] arrest warrant" where the warrant does not result in a seizure under the Fourth Amendment, *i.e.* an arrest.

7

process—when, for example, he is bound over by a magistrate or arraigned on charges." *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008) (internal citations, quotations, and alterations omitted).

In this case, Plaintiff admits that he was arrested pursuant to a warrant on September 9, 2009. (SAC at 2, 10.) An arrest warrant represents a classic example of the institution of legal process. *Wilkins v. DeReyes,* 528 F.3d 790, 799 (10th Cir. 2008). Plaintiff's false arrest and imprisonment claims thus accrued on September 9, 2009 because, thereafter, he was held pursuant to legal process. Because Plaintiff's original Prisoner Complaint was not filed until April 1, 2014, well over three years later after he was arrested on the warrant, his false arrest and imprisonment claims are properly dismissed as time-barred.

### B.    *Malicious Prosecution Claim*

Defendant also argues that Plaintiff's third claim for malicious prosecution fails to state a claim for relief. The court agrees.

Under Tenth Circuit case law, a § 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution;[5] (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Wilkins,* 528 F.3d at 799 (citing *Novitsky v. City of Aurora,* 491 F.3d 1244, 1258 (10th Cir. 2007)).

---

[5] The fact that Defendant allegedly told an investigator that he never had probable cause to arrest Plaintiff does not necessarily satisfy this element. The court must independently determine whether probable cause existed to arrest Plaintiff, notwithstanding Defendant's alleged admission that no probable cause existed.

Even assuming that Plaintiff can establish these elements, a preliminary hearing, "in which a judge independently listened to testimony, evaluated the credibility of those testifying, reviewed evidence, and concluded that the evidence was sufficient to bind [the plaintiff] over for trial," ordinarily breaks the "chain of causation" with respect to an investigating or arresting officer. *Taylor v. Meacham,* 82 F.3d 1556, 1564 (10th Cir. 1996). Here, Plaintiff admits in the Second Amended Complaint that a preliminary hearing was held on March 11, 2010, at which he was bound over for trial. (SAC at 3, 14.)

*Taylor* may be distinguishable, and the causal link between an arresting officer's actions and a plaintiff's prosecution may remain, where a plaintiff alleges that "a police officer gave perjured testimony during [the plaintiff's] preliminary hearing." *Crudup v. Schulte,* 12 F. App'x 682, 686 n.2 (10th Cir. 2001); *see also Taylor,* 82 F.3d at 1564 ("chain of causation" was broken where there was no allegation that the arresting officer "made false or misleading statements following [the plaintiff's] arrest" or that he "somehow caused false or perjured testimony to be presented at the preliminary hearing"). However, Plaintiff has not alleged that Defendant testified at the March 11, 2010 preliminary hearing or that he somehow caused the allegedly false information included in the arrest warrant affidavit to be presented at the preliminary hearing.[6]

Moreover, even if Defendant did testify at the preliminary hearing—or somehow caused the misstatements to be presented at the hearing—Plaintiff has not set forth any non-conclusory allegations regarding the substance of his misstatements or their materiality to the finding of probable cause. *Crudup,* 12 F. App'x at 686 n.2 ("blanket statement" that a police officer gave

---

[6] Indeed, Plaintiff admits that Defendant was no longer employed by the Lone Tree Police Department at the time of the March 11, 2010 preliminary hearing. (SAC at 3.)

perjured testimony during a preliminary hearing, without identifying the content of the testimony, was insufficient to state a claim for relief). Instead, Plaintiff only generically alleges that Defendant Pachello swore under oath to facts in an affidavit "that he knew before hand [sic] . . . was only based upon falsified information, lies and fabrication information, which was the only material to the finding of probable cause."[7] (SAC at 10; *see also id.* at 2 (alleging that Defendant Pachello "falsified and fabricated all the information and allegations" presented to the Douglas County court to obtain an arrest warrant).

Accordingly, the court finds that the March 11, 2010 preliminary hearing broke the chain of causation of between Defendant Pachello's alleged false statements and Plaintiff's prosecution. As a consequence, the court finds that Plaintiff fails to state a § 1983 claim for malicious prosecution.

## C.     *Due Process Claim*

Plaintiff's fourth claim alleges that his due process rights were violated when Defendant Pachello falsified information in the affidavit submitted in support of the warrant for Plaintiff's

---

[7] In his Response, Plaintiff goes into far greater detail about Defendant Pachello's alleged false statements than he does in his Second Amended Complaint. Namely, Plaintiff asserts that Defendant Pachello (1) stated that the stolen vehicle was found several blocks from Plaintiff's home, when in fact it was found more than a mile away; (2) failed to mention that Plaintiff's nephew's statement that Plaintiff was driving a vehicle matching the description of the stolen vehicle was never substantiated; (3) failed to mention that Plaintiff's prints did not match any of the seventeen fingerprints found in the stolen vehicle; (4) failed to mention Plaintiff's DNA did not match DNA found on a towel in the vehicle; and (5) stated that Plaintiff was a suspect in other crimes involving the stolen vehicle as a get-away car, but failed to state that there was no proof that Plaintiff actually committed those other crimes. (Resp. at 14-15.) However, the court cannot consider these additional allegations because they were not featured in the Second Amended Complaint. *Oxendine v. Kaplan,* 241 F.3d 1272 (10th Cir. 2001). Moreover, Plaintiff still fails to allege that Defendant Pachello made these statements, caused them to be made, or willfully caused the information to be withheld from the court at the preliminary hearing. Instead, Plaintiff specifically states that this "false evidence" was manufactured "before there was probable cause to arrest." (*Id.* at 14.)

arrest. (SAC at 18.) The Fourteenth Amendment protects individuals against deprivations of liberty without due process at law. U.S. Const. amend XIV, § 1. If a state actor's harmful conduct is unauthorized and thus could not be anticipated pre-deprivation, then an adequate post-deprivation remedy—such as a state tort claim—will satisfy due process requirements. *Myers v. Koopman,* 738 F.3d 1190, 1193 (10th Cir. 2013) (citing *Becker v. Kroll,* 494 F.3d 904, 921 (10th Cir. 2007). Here, Defendant's alleged false statements to create the illusion of probable cause for an arrest warrant "could not have been anticipated or prevented pre-deprivation, but a post-deprivation malicious-prosecution claim serves as an effective antidote." *Id.* Colorado law provides that remedy. *Id.* (citing *Hewitt v. Rice,* 154 P.3d 408, 411 (Colo. 2007)).[8] As a consequence, Plaintiff's Fourteenth Amendment due process claim is properly dismissed.

### D.     *Equal Protection Claim*

Plaintiff's fifth and seventh claims[9] allege that Defendant violated his Fourteenth Amendment equal protection rights. Specifically, Plaintiff asserts a "class of one" equal protection claim. The court agrees with Defendant that Plaintiff fails to state a claim for violations of his equal protection rights.

The Supreme Court has recognized a "class of one" equal protection claim "where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v.*

---

[8] In addressing this claim, the court assumes, without deciding, that the Fourteenth Amendment may sometimes constitute the proper avenue for pursuing a malicious prosecution claim. *Myers,* 738 F.3d at 1194-1196. Other Tenth Circuit cases suggest that claims regarding pretrial deprivation of liberty arise exclusively under the Fourth Amendment. *See, e.g., Taylor,* 82 F.3d at 1560 (citing *Albright v. Oliver,* 510 U.S. 266, 273-274 (1994)).

[9] Because there is no self-standing claim for "violation of the Plaintiff's civil rights," the court finds that Plaintiff's fifth claim is duplicative of his seventh claim for relief.

*Olech*, 528 U.S. 562, 564 (2000) (per curiam) (citation omitted).  However, "to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them."  *Brown v. Montoya*, 662 F.3d 1152, 1172–73 (10th Cir. 2011).  "This element is especially important in class of one cases." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1213 (10th Cir. 2004) (citation omitted); *see also Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1213 (10th Cir. 2006) ("courts have imposed exacting burdens on plaintiffs to demonstrate similarity in class-of-one cases.").

Here, Plaintiff's Second Amended Complaint does not identify any other individuals who were treated more favorably than him under similar circumstances.  As a consequence, Plaintiff's equal protection claims fail to state a claim for relief.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendant Todd Pachello's Motion to Dismiss for Failure to State a Claim" (Doc. No. 31) be GRANTED and that Plaintiff's Second Amended Complaint be DISMISSED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 21st day of July, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge