**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00936-RM-KMT

ARTHUR SANTISTEVAN, a/k/a Arthur Santisteven,

    Plaintiff,

v.

TODD PACHELLO, ex-Detective, Lone Tree Police Department,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Magistrate Judge Kathleen M. Tafoya's recommendation ("Recommendation") (ECF No. 47) on Defendant Todd Pachello's ("Pachello") motion to dismiss (ECF No. 31) Plaintiff Arthur Santistevan's ("Santistevan") Second Amended Complaint ("SAC") (ECF No. 15). Plaintiff filed an objection ("Objection") (ECF No. 52) to the Recommendation.

For the reasons stated below, the Court (1) OVERRULES Plaintiff's Objection; (2) ACCEPTS and ADOPTS the Recommendation; (3) GRANTS Defendant's motion to dismiss; and (4) DISMISSES Plaintiff's SAC.

**I.    LEGAL STANDARDS**

    **A.    Review of the Magistrate Judge's Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of

the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection to a recommendation is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B. Rule 12(b)(6) Motion

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id*. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. A "plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted). The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id*. (Internal quotation and citation omitted.) Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme C]ourt stated will not do.'" *Id*. (Citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in a plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*,

3

154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996) (citations omitted). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions. . . .'" *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*, 556 U.S. at 678). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

### C.    *Pro Se* Status

Plaintiff is proceeding *pro se*. The Court, therefore, reviews his pleadings and other filings liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues) (citations omitted). Plaintiff's *pro se* status does not entitle him to application of different civil procedure rules. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Wells v. Krebs*, Case No. 10 CV 00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted), *affirmed and adopted in* 2010 WL 4449729.

## II.   BACKGROUND

Plaintiff is a pro se prison inmate housed at Buena Vista Correctional Center ("BVCC"). (ECF No. 15 at 5.)  Plaintiff has brought claims against Defendant under 42 U.S.C. § 1983 alleging violations of his civil rights.  Plaintiff also brought suit against other defendants who have previously been dismissed from the matter pursuant to Judge Lewis T. Babcock's order under Local Civil Rule 8.1(b) and 28 U.S.C. § 1915(e)(2)(B)(i).  (ECF No. 16.)

Plaintiff alleges that his civil rights have been violated because Defendant (1) falsified information in obtaining an arrest warrant (ECF No. 15 at 10-11); (2) falsely imprisoned him (ECF No. 15 at 12-13); (3) maliciously prosecuted him (ECF No. 15 at 14); (4) deprived him of due process (ECF No. 15 at 18); (5) improperly arrested him (ECF No. 15 at 19); and (6) denied him equal protection (ECF No. 15 at 21).

Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 31).  The Court referred that motion to Magistrate Judge Tafoya. (ECF No. 32).  Magistrate Judge Tafoya issued her Recommendation.  (ECF No. 47).  Plaintiff requested an extension of time in which to file objections to the Recommendation which the Court granted.  (ECF Nos. 48; 51.)  Plaintiff filed his Objection to the Recommendation and Defendant filed a response.  (ECF Nos. 52; 53.)

## III.   ANALYSIS

Although Plaintiff's objection is long with detailed recitations of the law, at no point does he cite to any specific errors in Magistrate Judge Tafoya's factual findings or legal analysis. "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." *2121 E. 30th St.*, 73 F.3d at 1060.  Further, "objections should not be construed as a

second opportunity to present the arguments already considered by the Magistrate Judge." *Haden v. Green*, Case No. 10-cv-0515-RBJ-KMT, 2013 WL 328992, *1 (D. Colo. Jan. 29, 2013) (citation omitted).

Because Plaintiff did not specifically object to Magistrate Judge Tafoya's Recommendation, the Court has great discretion in determining what level of scrutiny to use in reviewing the Recommendation. *Summers*, 927 F.2d at 1167 ("In the absence of [a] timely objection, the district court may review a magistrate . . . [judge's] report [and recommendation] under any standard it deems appropriate.") De novo review is not triggered where a party's objections to a recommendation are not specific but rather are "conclusory or general objections," or a reiteration of a party's original arguments. *Rocha v. CCCF Admin.*, Case No. 09-cv-01432-CMA-MEH, 2010 WL 1333185, *3 (D. Colo. Apr. 2, 2010) (citation omitted). The Court does not believe that Plaintiff's objections are specific enough to trigger de novo review. However, because Plaintiff is pro se and the Court liberally construes a pro se plaintiff's filings, the Court has chosen to review the Recommendation de novo.

After reviewing Magistrate Judge Tafoya's Recommendation, the Court agrees with the Recommendation's legal analysis and findings. Defendant is entitled to dismissal of the claims against him. For Plaintiff's false arrest and false imprisonment claims[1], Plaintiff has failed to establish that he timely brought these claims. For Plaintiff's malicious prosecution claim, Plaintiff's SAC demonstrates that the preliminary hearing broke the chain of causation with respect to Defendant. Further, Plaintiff's SAC does not allege that Defendant testified at his preliminary hearing or that he caused the allegedly false information included in the arrest warrant affidavit to be presented at the preliminary hearing. Additionally, Plaintiff's malicious prosecution claim fails for lack of factual allegations as to the allegedly falsified information. As

---

[1] The Court agrees with the Recommendation that Plaintiff's first and second claims are redundant of one another.

to Plaintiff's due process claim, because a post-deprivation malicious-prosecution claim serves as an effective antidote, Plaintiff's due process claim is properly dismissed. As to Plaintiff's equal protection claim[2], Plaintiff's claim fails to allege sufficient facts to state a claim because he has not alleged that any other individuals were treated more favorably than him under similar circumstances.

**IV.    CONCLUSION**

Based on the foregoing, the Court:

(1)     OVERRULES Plaintiff's Objection (ECF No. 52);

(2)     ACCEPTS and ADOPTS the Magistrate Judge's Recommendation (ECF No. 47);

(3)     GRANTS Defendant's motion to dismiss (ECF No. 31); and

(4)     DISMISSES with PREJUDICE Plaintiff's SAC (ECF No. 15).

DATED this 16th day of September, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[2] The Court agrees with the Recommendation that Plaintiff's fifth claim is duplicative of his seventh claim.